CLARK, J.,
concurring.
I concur with the affirmance of the denial of injunctive relief and the reversal of the trial court’s granting temporary permission to relocate with the parties’ minor child. The essence of the error is the trial court’s failure to apply section 61.13001, Florida Statutes, to the undisputed facts.
The order on appeal did not result from a misinterpretation of the applicable statute such that we would resolve the matter by turning to rules of statutory construction. The trial court simply ignored the current statutory provisions and fashioned an alternate solution it thought would expeditiously resolve the family conflict.
When a shared-parenting order is in place, section 61.13001, Florida Statutes *491 requires a parent seeking to relocate with a child subject to that order to file a petition in accordance with section 61.13001(3), Florida Statutes. Temporary permission to relocate may be granted only if a sufficient petition has been filed. § 61.13001(6)(b), Fla. Stat.
It is undisputed that the mother had not filed a petition. The trial court’s finding of “substantial compliance” was clearly erroneous under the unambiguous terms of the statute and did not excuse the mother’s obligation to file a sworn petition. Even if “substantial compliance” was allowed by the statute, this court has recognized that “in order for there to be substantial compliance, there has to be some compliance.” Hall v. Maal, 32 So.3d 682, 686 (Fla. 1st DCA 2010) (emphasis added) (considering § 741.211, Fla. Stat., providing that defective marriage will be recognized if entered into “in good faith and in substantial compliance with this chapter.”).
The trial judge’s observation that “in North Florida and in the smaller jurisdictions such as ours, the parties generally do not strictly comply with that statutory provision” provides no basis upon which the law may be disregarded. Where clear statutory enactments apply to the facts presented, the courts of this state are not at liberty to decline to apply the provisions of the statute. The Judge, even when he is free, is still not wholly free. He is not to innovate at his pleasure. He is not a knight-errant roaming at will in pursuit of his own ideal of beauty and goodness. He is to draw his inspiration from consecrated principles. He is not to yield to spasmodic sentiment, to vague and unregulated benevolence. Benjamin Cardozo, The Nature of the Judicial Process 141 (Yale U. Press 1921).
Accordingly, I agree that the denial of the injunction should be affirmed and that the order granting temporary permission to relocate with the minor child must be reversed.